HUDSPETH MOTORS *v.* WILKINSON.

5-3283                                              382 S. W. 2d 191

Opinion delivered September 28, 1964.

*Fitton & Meadows,* for appellant.

No brief filed for appellee.

GEORGE ROSE SMITH, J. O. N. Wilkinson, the defendant below, bought a used truck from Hudspeth Motors, Inc., and executed a conditional sales contract calling for eighteen monthly payments. After having paid two installments during a period of some five months Wilkinson attempted to repudiate the contract, asserting a breach of warranty. The seller repossessed the truck, resold it, and brought suit under the Uniform Commercial Code for the balance still assertedly due. Ark. Stat. Ann. § 85-9-504 (Add. 1961). Wilkinson admitted his original obligation but relied upon the breach of warranty as an affirmative defense. The trial court let the case go to the jury, who returned a general verdict for the defendant.

In the absence of a brief for the appellee we have been able to discover only two grounds upon which the verdict might be sustained. First, before reselling the truck by private sale Hudspeth gave Wilkinson more than a week's notice, by certified mail, of the proposed resale. Wilkinson, who was living on a rural mail route, presumably received a notice from the postoffice that this piece of mail was being held for him, but he did not send his son to pick it up until about two weeks after the sale. Although this want of notice was not pleaded as a defense the trial court instructed the jury that if Wilkinson had no knowledge of the proposed resale before it took place he was entitled to a verdict.

This instruction was wrong. All the Code requires is that the buyer be given reasonable notification. § 85-9-504. Notification is defined as the taking of such steps as may be reasonably required to inform the person to be notified, "whether or not such other actually comes to know of it." § 85-1-201 (26). There is no evidence in the record to indicate that notice by certified mail was not reasonable.

Secondly, the court submitted to the jury Wilkinson's principal defense, the asserted breach of warranty. It is clear from Wilkinson's own testimony, however, that he waived any breach that might have occurred by failing to take the necessary steps to reject the truck within a reasonable time.

Wilkinson, a dairyman, bought the truck on February 13, 1962, with the intention of using it on his milk route. He testified that Hudspeth's salesman assured him that the vehicle was suitable for that purpose, that it was in good shape mechanically, and that it used little or no oil. Wilkinson stated that on the first day he drove the truck he found that its two-speed mechanism was not working properly and that it used two quarts of oil on his route of from 80 to 85 miles. Wilkinson made some attempt to report his dissatisfaction to the salesman he had dealt with, but he admits that his efforts to get hold of the salesman were unsuccessful. He also says that he complained to two mechanics employed by Hudspeth, but after a test drive one of them denied that there was anything wrong with the truck. Wilkinson eventually had the defective two-speed mechanism repaired by someone else at his own expense. He concedes that he drove the truck daily for a period of months. Finally, on about June 19, more than five months after he bought the vehicle, its engine "blew up," and he employed a mechanic to dismantle the engine and see how badly it was damaged. There is no proof to indicate that this mechanic found that the explosion was due to a defect that existed when Wilkinson bought the vehicle.

Under the Code if the truck did not conform to the terms of the contract Wilkinson was required to reject it within a reasonable time, notifying the seller of his decision. §§ 85-2-601 and -602. His failure to make an effective rejection amounted to an acceptance. § 85-2-606. Although the buyer could have revoked his acceptance if it had been induced by the seller's assurances that the defects would be corrected, § 85-2-608, there is no such proof in this case. Wilkinson did not testify that anyone at Hudspeth Motors ever led him to believe

that the vehicle could or would be put into good condition. Under the principles announced .in *Kern-Limerick* v. *Mikles*, 217 Ark. 492, 230 S. W. 2d 939, and similar cases, Hudspeth was entitled to an instructed verdict upon the buyer's cross complaint. There being no substantial evidence to support Wilkinson's affirmative defense the cause will be remanded for the entry of a judgment in favor of the plaintiff.

Reversed.