BANK OF GERING, A CORPORATION, APPELLANT, v. MAUDIE
GLOVER, APPELLEE.

223 N. W. 2d 56

Filed November 7, 1974. No. 39467.

Holtorf, Hansen, Kovarik & Nuttleman, Robert M.
Brenner, and Byron J. Brogan, for appellant.

Robert M. Harris, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH,
McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

SPENCER, J.

This appeal involves an interpretation of the notice
provision in section 9-504, U. C. C. Defendant-appellee
was an accommodation maker on a note covered by a
security interest in certain collateral. The plaintiff-
appellant payee took possession of the collateral, solicited
bids, and sold it at private sale. This action is for a
deficiency judgment against defendant. The trial court
sustained her motion for summary judgment because
no notice of sale was given to defendant, and dismissed
plaintiff's petition. We affirm.

In considering the issue presented, we construe sec-
tion 9-504 (2) and (3), U. C. C., which provides: "(2)

If the security interest secured an indebtedness, the secured party must account to the debtor for any surplus, and, unless otherwise agreed, the debtor is liable for any deficiency. But if the underlying transaction was a sale of accounts, contract rights, or chattel paper, the debtor is entitled to any surplus or is liable for any deficiency only if the security agreement so provides.

"(3) Disposition of the collateral may be by public or private proceedings and may be made by way of one or more contracts. Sale or other disposition may be as a unit or in parcels and at any time and place and on any terms but every aspect of the disposition including the method, manner, time, place and terms must be commercially reasonable. Unless collateral is perishable or threatens to decline speedily in value or is of a type customarily sold on a recognized market, *reasonable notification of the time and place of any public sale or reasonable notification of the time after which any private sale or other intended disposition is to be made shall be sent by the secured party to the debtor,* and except in the case of consumer goods to any other person who has a security interest in the collateral and who has duly filed a financing statement indexed in the name of the debtor in this state or who is known by the secured party to have a security interest in the collateral. The secured party may buy at any public sale and if the collateral is of a type customarily sold in a recognized market or is of a type which is the subject of widely distributed standard price quotations he may buy at private sale." (Emphasis added.)

The note was executed by Rex Bryan, Gladys Bryan, and defendant, Maudie Glover. The plaintiff took a financing statement and security agreement executed by Rex and Gladys Bryan. The financing statement and security agreement covered the inventory, furni-

ture, fixtures, and accounts receivable owned by Rex and Gladys Bryan, doing business as B & G Booterie. The Bryans filed a petition in bankruptcy. The trustee in bankruptcy disclaimed any interest in the property covered by the security agreement.

Rex Bryan voluntarily turned over the possession of the collateral to the plaintiff. The plaintiff had the property appraised. It then solicited bids by letter from four different business establishments located in Gering and Scottsbluff, Nebraska, and Laramie, Wyoming. The property was sold to one of those solicited. The proceeds were first applied on another note which had not been signed by the defendant. The balance remaining was applied on the note in suit. Plaintiff commenced this action against defendant for the balance due. Plaintiff admits that no notice of the private sale was given to the defendant prior to the completing of the sale. It seems clear that if there was time to solicit bids through the mails, as was done, there was time to give the required notice to the defendant if notice is essential.

The appeal presents an issue of first impression in this jurisdiction. Other jurisdictions which have been faced with the problem have reached differing results. Many of the courts have held that a security holder who sells without notice may not recover any deficiency resulting from the sale. See Camden Nat. Bank v. St. Clair (Me., 1973), 309 A. 2d 329, which, like the instant case, involved an accommodation maker. Some others, following the lead of Arkansas in Baber v. Williams Ford Co. (1965), 239 Ark. 1054, 396 S. W. 2d 302, indulge the presumption in the first instance that the collateral was worth at least the amount of the debt, and shift to the creditor the burden of proving the amount that should reasonably have been obtained through a sale conducted according to law. The third line of cases, such as Abbott Motors, Inc. v. Ralston

(1964), 5 U. C. C. Rptng. Serv. 788, 28 Mass. App. Dec. 35, hold that the violation of the notice provision does not excuse the debtor from paying a deficiency, but that he is entitled to a setoff for any loss which he can prove he suffered as a result of it.

The first question presented is whether the defendant who signed the obligation as an accommodation maker to enable the Bryans to secure the loan from the plaintiff is a debtor within the meaning of section 9-504(3), U. C. C. Section 9-105(1), (d), U. C. C., gives the following definition: " 'Debtor' means the person who owes payment or other performance of the obligation secured, whether or not he owns or has rights in the collateral, and includes the seller of accounts, contract rights or chattel paper." It would seem from this statute that an accommodation maker would fit within the definition of "debtor." We so hold.

Our first consideration in construing section 9-504, U. C. C., is to consider the reason for the notice provision. Obviously it is intended for the benefit and protection of the debtor. If he is given notice, he will have at least an opportunity to protect his interests by redemption, finding prospective purchasers for the property, or otherwise.

The language of subsection (3) of section 9-504, U. C. C.: "* * * reasonable notification of the time after which any private sale or other intended disposition is to be made *shall* be sent by the secured party to the debtor," (italics added) would presume a mandatory obligation. We have heretofore held that unless the context indicates otherwise, the use of the word "shall" purports a mandatory obligation. See Anderson v. Carlson (1961), 171 Neb. 741, 107 N. W. 2d 535, in which we pointed out section 49-802, R. R. S. 1943, provides: "Unless such construction would be inconsistent with the manifest intent of the Legislature, rules for construction of the statutes of Nebraska hereafter

shall be as follows: (1) When the word may appears, permissive or discretionary action is presumed. When the word shall appears, mandatory or ministerial action is presumed."

The following observation from Leasco Data Processing Equipment Corp. v. Atlas Shirt Co. (1971), 323 N. Y. S. 2d 13, 66 Misc. 2d 1089, is of interest herein: "It surely has meaning that the very section that affirms the right to a deficiency judgment after sale of a repossessed article also describes in simple and practical terms the rules governing dispositions as well as the pertinent notice requirements. If a secured creditor's right to a deficiency judgment were intended to be independent of compliance with those rules, one would surely expect that unusual concept to be delineated with clarity. The natural inference that the right depends upon compliance is forcefully underlined by the joining of the two provisions in one section." This reasoning is particularly pertinent when considered in the light of Nebraska's construction of the word "shall" when used in the statutes.

We see no need to go into a discussion of the divergent views presented by the cases from other jurisdictions. Balancing the various considerations presented therein, we are persuaded that to require compliance with the notice provision as a condition precedent to a deficiency judgment reaches the better result. We accordingly hold compliance with the Uniform Commercial Code for notification as to the disposition of collateral is a condition precedent to a secured creditor's right to recover a deficiency.

The creditor is given several options in disposing of collateral and very minimal formal requirements. The burden on the secured creditor is to comply with the law. The act is framed in his interest. It is not onerous to require him to give notice of the time and place of sale. In some instances it will be to the creditor's

advantage to do so. On the other hand, to permit him to proceed otherwise does place an onerous burden on the debtor. It prevents the debtor from taking steps to protect his interests at the sale. In many instances it could also make it extremely difficult for him to prove the sale was not a commercially reasonable one.

In the present case it would have been a simple matter for the plaintiff to have notified the defendant at the time of soliciting bids on the collateral. We are persuaded that the construction we put on the statute is the natural construction dictated by the statutory language and our law. The legal background, the realities of the relationships between secured creditors and debtors who have defaulted, and the respective resources for protecting their interests all require the conclusion that the right to a deficiency judgment depends on compliance with the statutory requirements. If the creditor wishes a deficiency judgment, he must obey the law. If he does not obey the law he cannot secure a deficiency judgment.

The judgment is affirmed.

AFFIRMED.