286 N.W.2d 750 (1980)
205 Neb. 169
FIRST NATIONAL BANK & TRUST COMPANY OF LINCOLN, a National Banking Association, Appellee,
v.
Timothy W. HERMANN and Carol Hermann, Appellants.
No. 42454.
Supreme Court of Nebraska.
January 3, 1980.
*751 Gary J. Nedved, of Marti, Dalton, Bruckner, O'Gara & Keating, Lincoln, for appellants.
Richard H. Osborne, Lincoln, for appellee.
Heard before KRIVOSHA, C. J., and BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE and HASTINGS, JJ.
BOSLAUGH, Justice.
This action was commenced in the municipal court of the city of Lincoln, Nebraska, to recover a deficiency judgment following the sale of a mobile home to satisfy the amount due on an installment sale contract. Service was not obtained upon the defendant, Timothy W. Hermann, so the action proceeded against only the defendant, Carol Hermann.
The issue is whether the defendant, Carol Hermann, received reasonable notification of the sale of the collateral as required by section 9-504(3), U.C.C. The municipal court found that the plaintiff had not given adequate notice of the sale of the collateral and dismissed the petition.
Upon appeal the District Court found that sufficient notice had been given and reversed the judgment of the municipal court. The defendant has now appealed to this court.
The record shows that the defendant was in default on the contract after July 15, 1977. On or about September 1, 1977, the plaintiff bank mailed a written notice to the defendant that, unless redeemed, the collateral would be sold at private sale on or after September 11, 1977. The notice was sent by certified mail addressed to the defendant at 11 Westward Ho, Rt. 1, Milford, Nebraska 68405. According to the bank this was the last known address that the defendant had given the bank and was the place where the mobile home itself was located. The defendant was not living at Milford, Nebraska, at that time but was residing at 5002 Knox, Lincoln, Nebraska 68504.
The envelope containing the notice was forwarded, by someone whose identity is not shown in the record, to the defendant at the 5002 Knox address. A postal employee testified that he received the envelope containing the notice on September 3, 1977, and attempted to deliver it to the defendant at 5002 Knox on that same day. He knocked on the front door of the residence but obtained no response. He then left a notice of certified mail for the defendant in the mailbox at 5002 Knox. A second notice of certified mail was sent to the defendant at 5002 Knox on September 8, 1977. The envelope and contents were returned to the sender, the plaintiff bank, on September 9, 1977, stamped "unclaimed." A notation concerning the notices appeared on the envelope.
The bank made no further effort to contact the defendant concerning the sale of the mobile home, although it knew where the defendant worked and that she could be reached by telephone at her place of employment. There is a dispute in the record as to whether the defendant had refused to give the plaintiff's collection manager her current address when asked during a conversation at the bank in the collection manager's office on August 4, 1977.
The defendant testified that she had mailed a payment on an automobile loan to the bank on August 15, 1977, and that the return address on the envelope was the Knox street address. She further testified that she did not receive either of the notices of certified mail which had been placed in the mailbox at 5002 Knox by the postal employee. On September 7, 1977, the bank called the defendant at her place of employment to ascertain where the stove, refrigerator, washer, and dryer were that had been removed from the trailer. These items were recovered by the bank from the Knox street address several days later.
The mobile home was eventually sold by the bank on October 14, 1977. A letter sent by certified mail to the Knox Street address advising the defendant of the deficiency was received by the defendant on October 19, 1977.
The rule in this state is that compliance with the requirements of the Uniform *752 Commercial Code for notification as to the disposition of collateral is a condition precedent to a secured creditor's right to recover a deficiency. Bank of Gering v. Glover, 192 Neb. 575, 223 N.W.2d 56.
The code requirement for a private sale is that "reasonable notification of the time after which any private sale or other intended disposition is to be made shall be sent by the secured party to the debtor." § 9-504(3), U.C.C. We have interpreted this to mean that a written notice is required and that it should be sent in such time that the debtors will have a minimum of 3 business days to arrange to protect their interests. DeLay First Nat. Bank & Trust Co. v. Jacobson Appliance Co., 196 Neb. 398, 243 N.W.2d 745.
The issue in this case is whether the defendant was given "reasonable notification" of the sale of the collateral as required by the Uniform Commercial Code. Subsection (26) of section 1-201 of the code provides that, "A person `notifies' or `gives' a notice or notification to another by taking such steps as may be reasonably required to inform the other in ordinary course whether or not such other actually comes to know of it." (Emphasis supplied.) In other words, notification under the code does not depend upon whether the notification actually reached the person to whom it was sent. The statute is satisfied if the steps taken were such as would be reasonably required to inform the person to be notified in ordinary course.
Subsection (38) of section 1-201 of the code provides that, "`Send' in connection with any writing or notice means to deposit in the mail or deliver for transmission by any other usual means of communication with postage or cost of transmission provided for and properly addressed * *." Under this provision a notice sent by ordinary mail will comply with the statute.
The rule concerning notification under section 9-504(3) of the code is stated in White and Summers, Uniform Commercial Code, § 26-10, p. 983, at pp. 984 and 985, as follows: "The secured creditor can satisfy the notice requirement merely by sending notification; it is not necessary that the debtor receive it. If the mailman loses the notice or the debtor's wife throws it in the wastebasket, that is the debtor's tough luck; he bears such risks under the Code. For example, in Steelman v. Associates Discount Corp. the notice sent to the debtor by certified mail was received by the debtor's sister-in-law who had a similar name and lived on the same rural mail route as the debtor. The Georgia Court of Appeals held as a matter of law that the notice was sufficient to satisfy the requirement that reasonable notice be sent to the debtor."
In Steelman v. Associates Discount Corp., 121 Ga.App. 649, 175 S.E.2d 62, the letter was delivered to the debtor's sister-in-law who happened to live on the same rural route. The court said: "In view of the above, even though the provisions for waiver of notice as expressed in the contract may be invalid under the Uniform Commercial Code, the real issue is not whether the defendant received notice, but whether the plaintiff took reasonable steps to give notice to her. While what is reasonable would ordinarily be a matter for jury determination, we think that here, in using certified mail, return receipt requested, the plaintiff took reasonable steps as a matter of law, to give the other party notice, notwithstanding the testimony of the defendant disclaiming receipt or knowledge of the notice, even if accepted as true."
In Randolph v. Franklin Investment Co., Inc., 368 A.2d 1151 (D.C.Ct.App., 1977), vacated on other grounds, 398 A.2d 340, the court said: "Contrary to appellants' views, we are satisfied that the creditor did satisfy the first notice requirement respecting the proposed public resale, as it posted such notice by certified mail to the address of the purchasers. While this notice was returned unclaimed by the postoffice, the applicable regulation does not call for proof of receipt."
See, also, Hudspeth Motors v. Wilkinson, 238 Ark. 410, 382 S.W.2d 191; Trust Co. v. Murphy, 36 N.C.App. 760, 245 S.E.2d 101; James Talcott, Inc. v. Reynolds, 165 Mont. *753 404, 529 P.2d 352; MFT Leasing v. Fillmore Products, Inc., 579 P.2d 924 (Utah, 1978).
Although there is authority to the contrary, we believe the notification requirement of the code was satisfied in this case even though the notice was not received by the defendant. The notification sent by the bank would have been delivered to the Knox street address if it had been sent by ordinary mail. This would have been sufficient. The fact that the notice was returned to the bank "unclaimed" by the defendant because the bank had taken the additional precaution of sending the notice by certified mail should not destroy its efficacy.
The judgment of the District Court is affirmed.
AFFIRMED.
WHITE, Justice, dissenting.
Prior to the sale of secured property, the secured party, knowing that the debtor did not receive notice of the impending sale, and having actual knowledge of the debtor's place of work and of the address of the debtor's new residence, does nothing further and requests of this court that we approve a deficiency judgment against the debtor.
The majority is willing to do so. I am not. This result runs counter to the rationale of our earlier cases. Bank of Gering v. Glover, 192 Neb. 575, 223 N.W.2d 56; DeLay First Nat. Bank & Trust Co. v. Jacobson Appliance Co., 196 Neb. 398, 243 N.W.2d 745.
Proceeding to sale when an officer of a secured bank knew notice had not been received by the debtor, and where the officer knew the debtor's whereabouts, has been held not to be in good faith and to bar a deficiency judgment. In re Carter, 511 F.2d 1203 (9th Cir., 1975).
I would reverse the judgment of the District Court.
HASTINGS, J., joins in this dissent.