STATE BANK OF LITCHFIELD, A BANKING CORPORATION,
APPELLEE, V. JOHN R. LUCAS, APPELLEE,
ELAINE WARTA, FORMERLY ELAINE D. LUCAS,
APPELLANT.

315 N.W.2d 238

Filed January 22, 1982. No. 43607.

John S. Mingus of Mingus & Mingus for appellant.

John O. Sennett of Black & Sennett for appellee bank.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, and HASTINGS, JJ.

McCOWN, J.

This is an action on a promissory note to recover judgment for the amount remaining due after the repossession and sale of an automobile which was security for the note. The District Court entered judgment against the defendants for $2,101.98 and the defendant Elaine D. Lucas has appealed.

On March 15, 1977, John R. Lucas and Elaine D. Lucas executed a promissory note to the plaintiff bank in the sum of $2,450, payable in 18 monthly installments of $150 each, beginning April 1, 1977. John R. Lucas had previously executed a security agreement covering a 1970 Ford automobile. The defendants made only sporadic small payments on

the note and on December 20, 1977, the plaintiff bank repossessed the automobile and obtained a certificate of title on January 20, 1978.

On August 24, 1978, notice was published in the local newspaper that the automobile would be sold at public auction at the plaintiff bank at 10:30 a.m. on September 2, 1978, and that the sale would be without reserve. Notices of the time and place of sale were sent by certified mail, return receipt requested, to Elaine D. Lucas and to John R. Lucas. Elaine D. Lucas, the appellant here, received and receipted for the notice on August 29, 1978. The notice to John R. Lucas was not received until after the sale. The address for John R. Lucas was the address listed on the documents held by the bank, and there is no evidence that the bank had any knowledge of any other address. The record indicates that the notice was forwarded from Litchfield, Nebraska, to Holdrege, Nebraska.

The automobile was sold in accordance with the notice on September 2, 1978, for $150. An officer of the plaintiff bank testified that in his opinion the automobile was worth $300 to $400 at the time of the sale. The proceeds of the sale were applied to the note, leaving a principal balance due of $2,008.34 plus interest to September 12, 1978, for a total of $2,294.07.

The plaintiff filed this action against the defendants in the county court, and on June 25, 1979, the county court found that the plaintiff's disposition of the collateral was not commercially reasonable and that plaintiff was not entitled to judgment, and also found that the defendant Elaine D. Lucas should have judgment on her counterclaim for damages for failure of the plaintiff to proceed in accordance with the requirements of Neb. U.C.C. § 9-507 (Reissue 1980). The county court therefore dismissed plaintiff's petition and entered judgment for the defendant on her counterclaim in the sum of $378.92. The plaintiff appealed to the District Court.

On March 20, 1980, the District Court found that the notice of sale sent by the plaintiff to the defendants was reasonable notification; that the sale of the security was not commercially reasonable under Neb. U.C.C. § 9-504 (Reissue 1980); and that the value of the automobile at the time of sale was $400 and that amount should be allowed as an offset against the balance due to the plaintiff from the defendants on the promissory note. The District Court therefore reversed the judgment for $378.92 for the defendant Elaine D. Lucas on her counterclaim. The court, after allowance of the $400 offset, also entered judgment against the defendants and each of them in the sum of $2,101.98, including principal and interest to date of judgment. Only the defendant Elaine D. Lucas has appealed to this court.

The appellant contends that the notice to defendant John R. Lucas was invalid because it was sent to a former address and was not received until after the collateral had been sold. This court has held that a creditor who has not complied with the notice provisions of § 9-504(3) before selling the collateral is barred from recovering a deficiency judgment against the debtor. See *DeLay First Nat. Bank & Trust Co. v. Jacobson Appliance Co.*, 196 Neb. 398, 243 N.W.2d 745 (1976). The appellant therefore contends that the plaintiff bank is barred from recovering a deficiency judgment in this case. We disagree.

The first problem with appellant's argument is that the notice sent to the appellant was actually received by her more than 3 business days before the sale and the notice was in compliance with all statutory requirements. When the validity of the notice to appellant is tacitly conceded, the appellant is in no position to complain as to the alleged insufficiency of notice to another defendant who has not appealed. Even if the notice to John R. Lucas were open to challenge by the appellant, the case of *First Nat. Bank & Trust Co. v. Hermann*, 205 Neb. 169, 286 N.W.2d

750 (1980), determined the issue adversely to the appellant's contention. That case held that the validity of a notice of sale of collateral under § 9-504 does not depend upon whether the notification actually reached the person to whom it was sent. The statute is satisfied if the steps taken were such as would be reasonably required to inform the person to be notified in the ordinary course.

Appellant also contends that because the District Court found that the sale was not conducted in a commercially reasonable manner, the plaintiff bank is barred from recovering any deficiency judgment. The case of *Cornett v. White Motor Corp.*, 190 Neb. 496, 209 N.W.2d 341 (1973), is determinative of that issue. In that case we held that the direct effect of a sale that is not commercially reasonable under § 9-504 is to alter the measure of the deficiency. In such case the fair and reasonable value of the collateral as of the time of the sale is offset against the balance due on the security agreement. The District Court in the case at bar did exactly that.

The judgment of the District Court was correct and is affirmed.

AFFIRMED.

WHITE, J., participating on briefs.

WHITE, J., concurring in part, and in part dissenting.

I agree with the result in this case. I disagree with only that portion of the opinion that cites with approval the holding of *First Nat. Bank & Trust Co. v. Hermann*, 205 Neb. 169, 286 N.W.2d 750 (1980). In that case I expressed the opinion that the case was incorrectly decided. I remain committed to that opinion.

HASTINGS, J., joins in this concurrence and dissent.