HAVELOCK BANK OF LINCOLN, A CORPORATION, APPELLEE, V. FRANK T. MCARTHUR AND MARILYN J. MCARTHUR, APPELLANTS.

370 N.W.2d 116

Filed July 5, 1985. No. 84-468.

Vincent M. Powers, for appellants.

Michael R. Johnson and Dana Baker of Barney, Carter & Johnson, P.C., for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

KRIVOSHA, C.J.

The instant appeal presents to this court the question of whether a notice sent by a secured creditor to a debtor was sufficient to satisfy the requirements of Neb. U.C.C. § 9-504(3) (Reissue 1980) and thereby entitle the creditor to obtain a deficiency judgment against the debtor. The district court for Lancaster County, Nebraska, held that the notice was sufficient and entered a deficiency judgment for the Havelock Bank of Lincoln (Havelock) and against the appellants, Frank T.

McArthur and Marilyn J. McArthur (McArthurs). We believe that the notice was not sufficient, and for that reason we reverse and dismiss.

Havelock entered into a loan agreement with the McArthurs on June 17, 1981. In connection with that agreement the McArthurs signed and delivered to Havelock their promissory note dated June 17, 1981, in the principal amount of $120,328.07, payable in full on December 14, 1981. The note was secured by a 1972 International cab and chassis, a 1975 Ford pickup truck, and various items of farm equipment and cattle.

Payment was not made on December 14, 1981, as required by the note, and on February 1, 1982, Havelock wrote to the McArthurs, advising them that Havelock would be taking possession of the personal property in which it had a security interest, including the cattle. The notice provided in part: "It is the banks [sic] intention to sell these cattle in a commercially reasonable manner within ten days and apply the proceeds, less any expenses, to your loan here at the bank." While the letter of February 1, 1982, advised the McArthurs that Havelock would proceed to take action and dispose of the cattle, that letter contained neither the time nor the place of the sale and was not sufficient to satisfy the requirements of § 9-504.

Section 9-504(3) provides in part:

> Disposition of the collateral may be by public or private proceedings and may be made by way of one or more contracts. Sale or other disposition may be as a unit or in parcels and at any time and place and on any terms but every aspect of the disposition including the method, manner, time, place and terms must be commercially reasonable. Unless collateral is perishable or threatens to decline speedily in value or is of a type customarily sold on a recognized market, reasonable notification of the time and place of any public sale or reasonable notification of the time after which any private sale or other intended disposition is to be made shall be sent by the secured party to the debtor, if he has not signed after default a statement renouncing or modifying his right to notification of sale.

Not only did the letter of February 1, 1982, fail to disclose to

the McArthurs either the time or the place of the public sale but, in fact, the sale was not held within 10 days, as suggested by the letter. Instead, on February 12, 1982, Havelock again wrote to the McArthurs, advising them:

> On Thursday, February 18, 1982 at 12 p.m. various head of cattle, that were used to secure your commercial loan here at the bank, will go on sale at the Wahoo Sale Barn in Wahoo, Nebraska. I am not taking the entire lot of cattle for sale but will be taking *a few*, and will give you this chance to attend that sale to bid for yourself, if you so desire. At the end of the sale I will contact you as to what was sold and how much we received, less any expenses. If you have any questions, please contact me here at the bank.

(Emphasis supplied.)

Had Havelock in fact sold all of the cattle on February 18, 1982, which secured the loan, the notice of February 12 may have been sufficient. The difficulty, however, is that, as the letter of February 12 indicated, not all of the collateral was sold. This, therefore, imposed a further obligation on Havelock to advise the McArthurs when the balance of the cattle would be sold.

The reason for requiring creditors to give notice was clearly set out by us in *DeLay First Nat. Bank & Trust Co. v. Jacobson Appliance Co.*, 196 Neb. 398, 403, 243 N.W.2d 745, 748 (1976), when we said:

> Obviously, [the notice provision] is intended for the benefit and protection of the debtor. If he is given notice, he will have at least an opportunity to protect his interests by redemption, finding prospective purchasers for the property, or otherwise. Even if it might be determined he could not have protected his interest, the law requires he be given the opportunity.

By advising the McArthurs that certain of the cattle would be sold on February 18, but not advising them as to when the balance would be sold, Havelock certainly did not give the McArthurs an opportunity with regard to the balance of the cattle to protect their interests by redemption, finding prospective purchasers for the property, or otherwise.

On June 21, 1982, Havelock again wrote the McArthurs, advising them that certain other collateral had been sold and the proceeds applied against the loan, still leaving an unpaid balance. The letter then stated: "This leaves some cattle that need to be taken to market and I will be notifying you as soon as that is done." On August 19, 1982, Havelock once again wrote to the McArthurs and advised them that on July 9 (actually July 8), 1982, 36 cattle were taken to the Wahoo livestock market and sold. Advising the McArthurs after the fact that the cattle had been taken to market certainly did not afford them any opportunity to exercise the rights which § 9-504(3) is intended to protect.

Everyone agrees that no notice was ever given the McArthurs of the July 8 sale. The question, then, is whether the failure to notify the McArthurs of the sale on July 8 precludes Havelock from obtaining a deficiency judgment. Havelock argues that because proper notice of the first sale was given the McArthurs and, further, they were advised that more sales would be held in the future, the requirements of § 9-504(3) regarding notice were satisfied. We believe that there are no exceptions to the rule requiring the creditor to give notice of every sale to the debtor if the creditor desires a deficiency judgment. Obviously, advising the debtor that numerous pieces will be sold individually on a given date at a given place, or even thereafter from day to day until all are sold, would be sufficient. But advising the debtor as to the time and place of the first sale without giving notice of the time and place of subsequent sales would defeat the whole purpose of requiring the creditor to give the debtor notice.

As we noted in *Bank of Gering v. Glover*, 192 Neb. 575, 579-80, 223 N.W.2d 56, 59 (1974):

> The creditor is given several options in disposing of collateral and very minimal formal requirements. The burden on the secured creditor is to comply with the law. The act is framed in his interest. It is not onerous to require him to give notice of the time and place of sale. In some instances it will be to the creditor's advantage to do so. On the other hand, to permit him to proceed otherwise does place an onerous burden on the debtor. It prevents the debtor from taking steps to protect his interests at the sale.

In a long line of cases beginning with *Bank of Gering v. Glover, supra*, we have repeatedly held that compliance with the notice provisions of the Uniform Commercial Code, particularly § 9-504(3), is a condition precedent to the right of a creditor to recover a deficiency judgment. See, also, *DeLay First Nat. Bank & Trust Co. v. Jacobson Appliance Co., supra*; *First Nat. Bank & Trust Co. v. Hughes*, 214 Neb. 42, 332 N.W.2d 674 (1983); *First Nat. Bank & Trust Co. v. Hermann*, 205 Neb. 169, 286 N.W.2d 750 (1980). The failure to give the requisite notice is an absolute bar to recovery. See, *State Bank of Litchfield v. Lucas*, 210 Neb. 400, 315 N.W.2d 238 (1982); *DeLay, supra*; *Citizens State Bank v. Sparks*, 202 Neb. 661, 276 N.W.2d 661 (1979). As we noted in *DeLay, supra* at 409, 243 N.W.2d at 751:

> The right to a deficiency judgment depends on compliance with the statutory requirements. We now hold that if a creditor wishes a deficiency judgment he must comply with the law in *each* transaction. While this rule may seem harsh, we are persuaded by the fact that the burden is on the secured creditor to comply with the law. The act is framed in his interest. It is not onerous to require him to observe the provisions of the law.

(Emphasis supplied.)

Havelock, having failed to give the McArthurs sufficient notice under § 9-504(3), is not entitled to a deficiency judgment. For that reason, therefore, the judgment of the district court is reversed and the cause remanded with directions to dismiss.

REVERSED AND REMANDED WITH
DIRECTIONS TO DISMISS.