22532

ALTMAN TRACTOR AND EQUIPMENT COMPANY, Respondent v.
Davis Legrand WEAVER, Appellant.

(343 S. E. (2d) 444)

Supreme Court

*E. LeRoy Nettles, Sr.,* and *Marian D. Nettles* of *Nettles, Floyd, Turbeville & Reddeck,* Lake City, *for appellant.*

*John H. Weaver* of *Yarborough, Lewis, Weaver & Stewart,* Florence, *for respondent.*

Submitted Dec. 11, 1985.

Decided April 21, 1986.

*Per Curiam:*

Respondent (Altman) brought this action for a deficiency judgment against appellant (Weaver) after the repossession and sale of certain collateral. The matter was tried by the judge without a jury. The judge granted judgment for Altman in the amount of $17,738.50. We affirm.

Weaver purchased a combine and grain header from ██ Altman and financed the purchase with Allis-Chalmers Credit Corporation. After Weaver defaulted in his payments, Allis-Chalmers repossessed the equipment and assigned the security agreement to Altman. Altman sold the combine and grain header for $19,500.

Prior to the sale of the collateral, Altman sent a notice of the sale to Weaver. The notice was sent by registered mail, properly addressed to Weaver. A return receipt was signed by a third party, who Weaver claimed he did not know. Weaver also claimed he did not receive the notice.

Weaver argues the trial judge erred in finding Altman sent reasonable notification of the sale as required by S. C. Code Ann. § 36-9-504(3)(1976). He contends the trial judge therefore erred in allowing the deficiency judgment and in refusing to grant relief on a counterclaim for damages resulting from the violation of § 36-9-504(3).

Section 36-9-504(3) provides that, with certain exceptions not applicable here, the secured party must send to the debtor reasonable notification of the disposition of re-

possessed collateral. This provision does not require that the debtor actually receive the notice. All that is required is that the secured party take reasonable steps to see that the debtor is notified. *See, e.g., Day v. Schenectady Discount Corp.,* 125 Ariz. 564, 611 P. (2d) 568 (App. 1980); *Hall v. Owen County State Bank,* 175 Ind. App. 150, 370 N. E. (2d) 918 (1977); *James Talcott, Inc. v. Reynolds,* 165 Mont. 404, 529 P. (2d) 352 (1974); *First Nat. Bank & Trust Co. v. Hermann,* 205 Neb. 169, 286 N. W. (2d) 750 (1980); *see also* S. C. Code Ann.§ 36-1-201(26) & (38) (1976).[1]

In this case, the secured party complied with § 36-9-504(3) by sending the notice by registered mail properly addressed to the debtor. The fact that the return receipt was signed by a third person did not require further action by the secured party. *See Central Trust Company v. Cohen,* 14 Ohio Misc. (2d) 8, 470 N. E. (2d) 498 (1984); *General Motors Acceptance Corp. v. Thomas,* 15 Ohio Misc. 267, 237 N. E. (2d) 427 (1968).

The trial judge was correct in holding reasonable notification of the sale had been sent. Allowance of a deficiency judgment and denial of the counterclaim was therefore proper.

Weaver's remaining exception is without merit and is affirmed under Supreme Court Rule 23.

Affirmed.

HARWELL, J., not participating.

---

[1] "A person 'notifies' or 'gives' a notice or notification to another by taking such steps as may be reasonably required to inform the other in ordinary course whether or not such other actually comes to know of it." S. C. Code Ann. § 36-1-201(26)(1976).

" 'Send' in connection with any writing or notice means to deposit in the mail or deliver for transmission by any other usual means of communication with postage or cost of transmission provided for and properly addressed and in the case of an instrument to an address specified thereon or otherwise agreed, or if there be none to any address reasonable under the circumstances." S. C. Code Ann. § 36-1-201(38) (1976).