FIRST STATE BANK, FREMONT, NEBRASKA, APPELLANT, V. THOMAS REED AND CARYL REED, APPELLEES.

422 N.W.2d 359

Filed April 29, 1988.   No. 86-547.

Thomas B. Thomsen of Sidner, Svoboda, Schilke, Wiseman, Thomsen, Holtorf and Boggy, for appellant.

Kurt A. Hohenstein of Rager & Hohenstein, P.C., for appellees.

William B. Brandt and Robert J. Hallstrom of Brandt, Horan, Hallstrom & Sedlacek, for amicus curiae Nebraska Bankers Association, Inc.

BOSLAUGH, WHITE, and SHANAHAN, JJ., and GITNICK and GARDEN, D. JJ.

BOSLAUGH, J.

This was a suit to recover a deficiency judgment for the balance due on a promissory note after the collateral securing the debt had been sold and the proceeds applied to the debt. The trial court found that the notice of private sale given by the plaintiff bank to the defendants was insufficient because it "fails to apprise the Defendants that a personal deficiency judgment might be sought against them, and that the Plaintiff failed to give notice for each sale when the collateral at issue was sold in two separate private sales," and dismissed the action. The plaintiff has appealed.

The plaintiff's first assignment of error is that the trial court erred in finding that the notice must advise the debtors that a personal deficiency judgment might be sought against them.

Neb. U.C.C. § 9-504 (Reissue 1980), relating to the sale of collateral after default, provides in part:

> (3) Disposition of the collateral may be by public or private proceedings and may be made by way of one or more contracts. Sale or other disposition may be as a unit or in parcels and at any time and place and on any terms but every aspect of the disposition including the method, manner, time, place and terms must be commercially reasonable. Unless collateral is perishable or threatens to decline speedily in value or is of a type customarily sold on a recognized market, reasonable notification of the time and place of any public sale or reasonable notification of the time after which any private sale or other intended disposition is to be made shall be sent by the secured party to the debtor, if he has not signed after default a statement renouncing or modifying his right to notification of sale. In the case of consumer goods no other notification need

be sent.

After the note was in default and the bank had repossessed the collateral, the bank sent the following notice to the defendants:

> By reason of default on the above mentioned loan, the First State Bank has repossessed the collateral securing said loan, a 1978 Fruehauf Dry Van and a 1977 International. You may redeem said collateral by paying the unpaid principal balance, plus accrued interest, late charges and any reasonable repossession expenses incurred by First State Bank. The redemption period will end ten (10) days from the date of this letter. After September 9, 1985 and without further notice to you, the First State Bank will sell the collateral securing your indebtedness at private sale.
>
> Please be informed that you are responsible for all damages incurred by First State Bank because of your breach of the loan agreement and are subject to the exercise of all rights and remedies available to First State Bank under the law.

After sending the notice to the defendants, the bank had no further contact with them. The 1977 International truck was sold at private sale after September 9, 1985, for $6,000. The proceeds of the sale, less expenditures for repairs and commission, were applied to the debt. The 1978 Fruehauf dry van was sold at private sale for $2,375 after September 9, 1985, and the proceeds applied to the debt. Since the proceeds from the sale of the collateral were insufficient to satisfy the debt, the plaintiff brought this action for a deficiency judgment.

There is no requirement in the statute that the notice to the debtor advise the debtor that the debtor will be liable for any deficiency remaining after the sale of the collateral. The statute provides that "unless otherwise agreed, the debtor is liable for any deficiency." There was no agreement in this case that the debtors would not be liable for any deficiency.

In *First Nat. Bank & Trust Co. v. Hughes*, 214 Neb. 42, 332 N.W.2d 674 (1983), the notice sent to one of the guarantors, Vernor L. Hughes, was addressed to him as "President, Central Auto & Truck Supply." This court held that as between Hughes

and Central Auto, the notice was ambiguous. The *Hughes* case is not authority for the proposition that the notice must advise the debtor that the debtor will be liable for any deficiency.

The plaintiff's second assignment of error is that the trial court erred in finding that the plaintiff was required to give a separate notice for each sale when the collateral was sold in two separate sales.

The notice required by the Uniform Commercial Code for the sale of collateral at private sale is reasonable notification of the time after which the collateral will be sold. *Citizens State Bank v. Sparks*, 202 Neb. 661, 276 N.W.2d 661 (1979).

For a private sale or sales of the collateral the statute requires only "reasonable notification of the time after which *any* private sale or other intended disposition is to be made . . . ." (Emphasis supplied.) *Contois Motor Co. v. Saltz*, 198 Neb. 455, 253 N.W.2d 290 (1977). There is no requirement that there be a separate notice for each sale when the collateral is sold at more than one sale.

In *Havelock Bank v. McArthur*, 220 Neb. 364, 370 N.W.2d 116 (1985), the notices to the debtors were defective because they advised the debtors that only part of the collateral would be sold, and some of the collateral was sold without any prior notice. However, the opinion notes at 367, 370 N.W.2d at 118, "Obviously, *advising the debtor that numerous pieces will be sold individually* on a given date at a given place, *or even thereafter from day to day until all are sold, would be sufficient*." (Emphasis supplied.)

The judgment is reversed and the cause remanded with directions to enter a judgment in conformity with this opinion.

REVERSED AND REMANDED WITH DIRECTIONS.