ERVIN, Judge.
Appellant, Veresta Grant, seeks review of a summary judgment entered against her in favor of appellee, Southtrust Bank of Northwest Florida (Southtrust), directing Grant to pay a $6,867.42 deficiency judgment. Grant contends the court erred by failing to require proof that she received notice of the sale of collateral pursuant to Section 679.504, Florida Statutes (1991). We disagree and therefore affirm.
On April 19, 1991, Southtrust sued Willie Grant and Veresta Grant, alleging that the Grants had defaulted on a security agreement executed by them for the purchase of an automobile, that the bank had repossessed the vehicle and sold it, and that a deficiency remained of $5,127.74, plus interest.[1] In her answer, Veresta Grant stated that she was not noticed as required by law regarding the sale of the collateral; therefore, the bank was not entitled to a deficiency judgment against her. Southtrust moved for summary judgment, submitting an affidavit in proof of the claim, to which was attached a letter dated August 28, 1990 from Southtrust to Veresta Grant, notifying her of its intent to sell the collateral at private sale after September 7, 1990, and a copy of a return receipt signed by a person named Angela Y. Grant on *172 August 29, 1990. Grant asserted that she never received written or oral notice of appellee’s intent to sell the automobile.[2] The court entered summary final judgment against Grant for the amount of the deficiency judgment, together with interest, attorney’s fees, and costs.
This is a case of first impression in Florida. Section 679.504, Florida Statutes (1991), which corresponds to Uniform Commercial Code (U.C.C.) Section 9-504, establishes the procedure to be followed by a secured party in disposing of collateral following default. Specifically, subsection (3) thereof, relating to notification, provides in part:
[Rjeasonable notification of the time and place of any public sale or reasonable notification of the time after which any private sale or other intended disposition is to be made shall be sent by the secured, party to the debtor if he has not signed after default a conspicuous statement renouncing or modifying his right to notification of sale....
(Emphasis added.)
In addition to the definitions applicable to secured transactions under chapter 679, Section 679.105(4), Florida Statutes (1991) (U.C.C. § 9-105), provides that “chapter 671 [pertaining to general provisions of the Florida U.C.C.] contains general definitions and principles of construction ... applicable throughout this chapter.” Pertinent to this case is Section 671.201(26), Florida Statutes (1991) (U.C.C. § 1-201), which provides:
A person “notifies” or “gives” a notice or notification to another by taking such steps as may be reasonably required to inform the other in ordinary course whether or not such other actually comes to know of it. A person “receives” a notice or notification when
(a) It comes to his attention; or
(b) It is duly delivered at the place of business through which the contract was made or at any other place held out by him as the place for receipt of such communications.
(Emphasis added.) Also pertinent is subsection (38) thereof which states:
“Send” in connection with any writing or notice means to deposit in the mail or deliver for transmission by any other usual means of communication with postage or cost of transmission provided for and properly addressed and in the case of an instrument to an address specified thereon or otherwise agreed, or if there be none to any address reasonable under the circumstances....
We conclude that these provisions require only that a creditor mail or deliver notice of the impending sale of collateral and do not require an additional showing of actual knowledge or receipt on the part of the debtor.
According to Professors White and Summers, the U.C.C. only requires notice to be sent to the debtor, and
[w]e know of no case holding that the debtor must receive the notice, assuming it to have been properly sent. Indeed, if a creditor had to assure debtor’s receipt of the notice, a debtor could hide to prevent disposition of collateral! Of course, creditors can, and usually should, use certified mail and the like so that proof of mailing exists.
2 James J. White & Robert S. Summers, Uniform Commercial Code § 27-12, at 602 (3d ed. 1988) (footnote omitted; emphasis added). Cases from other jurisdictions involving U.C.C. provisions identical to sections 679.504(3) and 671.201(38), require proof only that notice was sent. See Low Cost Cars, Inc. v. Munn, 399 So.2d 277, 280 (Ala.1981) (the requirement that reasonable notice be sent does not require that the debtor receive it); Tauber v. Johnson, 8 Ill.App.3d 789, 291 N.E.2d 180, 183 (1972) (there is no requirement of proof of actual receipt by the debtor); Crest Invest. Trust, Inc. v. Alatzas, 264 Md. 571, 287 A.2d 261, 264 (1972) (notice provision is satisfied by proof that notice was sent; there is no *173 requirement that it be received); McKee v. Mississippi Bank & Trust Co., 366 So.2d 234, 238 (Miss.1979) (notice sent to the debtor’s address, whether or not received, satisfies the UCC requirement of notice); James Talcott, Inc. v. Reynolds, 165 Mont. 404, 529 P.2d 352, 355 (1974) (UCC does not require that debtor receive actual notice of sale, only that the creditor take reasonable steps to assure the debtor is notified); State Bank of Litchfield v. Lucas, 210 Neb. 400, 315 N.W.2d 238, 240 (1982) (validity of notice does not depend on whether the notification actually reached the debtor).
AFFIRMED.
MINER and WEBSTER, JJ., concur.

. Willie Grant did not file a response and a default was entered against him.

. Appellant did not contend that the address on the letter and signed return receipt was incorrect. Indeed, appellant listed it as her address on the docketing statement submitted to this court on appeal.