## BLAINE v YEAGER

Ohio Appeals, 9th Dist.,
Summit Co.

No. 954. Decided May 3, 1940.

D. W. Myers, Elyria, and Richard S. Horan. Elyria, for appellee.

Wesley L. Grills, Lorain, for appellant.

## OPINION

By DOYLE, J.

This action was brought in the Common Pleas Court of Lorain county to recover damages for personal injuries claimed to have been sustained by the plaintiff, Helen Blaine, as a proximate result of the negligence of the defendant, Charles F. Yeager, in that he, after driving his automobile from a public street and across a sidewalk into a private driveway, "without giving any warning and without exercising any vigilance * * * carelessly, negligently and suddenly backed his automobile * * * from said driveway onto and across the sidewalk, forcing the plaintiff to hastily attempt to escape from the path of this backing automobile and causing her to be thrown and to fall with great force and violence and inflicting upon the plaintiff severe, painful and permanent injuries."

The evidence disclosed that the defendant had turned his car from the highway into the driveway for the purpose of backing into the street and bringing it to a stop at the curbstone facing in the opposite direction from which he had been traveling; that as he turned into the driveway, the plaintiff, who was walking on the sidewalk, saw the car, and, as testified to by her, waited until the rear of the car had passed beyond the sidewalk, whereupon she continued on her course. The plaintiff further testified that the rear of the car, when it stopped in the driveway, was within a few feet of the sidewalk, and that, when the defendant commenced to back the vehicle, she was immediately behind it.

The plaintiff further testified that the rear of the car struck her as it backed, although her pleading made no such allegation. In conflict with this testimony. several witnesses testified that she stated after the accident that the car had not struck her.

The defendant testified that at

no time did he see the plaintiff until he heard her scream and saw her lying on the sidewalk several feet from the driveway.

There is ample evidence to the effect that the defendant sounded his horn while in the driveway, immediately before backing his automobile, and he testified that he blew his horn to attract his wife's attention, who was visiting in the adjacent house.

The plaintiff testified that she did not hear a horn blown.

The cause was submitted to a jury, and a verdict for $5,000 was returned in favor of the plaintiff. A judgment was subsequently entered thereon. From that judgment appeal on questions of law has been perfected to this court.

No serious complaint is made of the court's charge to the jury on the issues of negligence and contributory negligence. Serious complaint, however, is made to the part of the general charge which followed the court's charge of negligence and contributory negligence. It is in the following language:

"It is the duty of the court to call your attention to certain Ohio traffic laws. The first is §12603, ¶1:

"'Whoever operates a motor vehicle on the public roads or highways without due regard for the safety and rights of pedestrians. and drivers and occupants of all other vehicles, and so as to endanger the life, limb or property of any persons while in the lawful use of the roads or highways, shall be deemed guilty of a misdemeanor' and punished as provided for. In this action you may deem a sidewalk as being part of a public highway.

"Sec. 6310, ¶22, provides as follows:

"'Drivers of vehicles before turning, stopping or changing their course shall make sure such movement can be made in safety and shall cause signals to be made of their intention in a way visible outside the vehicle.'"

The foregoing two sections of the statutes were given to the jury without any instruction as to their application to the case, and in fact with no comment other than indicated in the foregoing quotation.

The two Code provisions charged were not rules of conduct nor specific requirements governing the defendant at the time of the injury to the plaintiff; and although the court did not instruct the jury as to whether a violation of one or both constituted negligence, nevertheless the giving of them was so misleading that, under the circumstances of this case, undoubtedly the jury was influenced in the rendition of its verdict. The court in effect instructed the jury that the duties imposed by the two Code provisions were applicable to the conduct of the defendant.

There is no duty as a matter of law imposed upon one who backs his automobile to "make sure such movement can be made in safety," nor is there any duty imposed under these circumstances as a matter of law to "cause signals to be made * * * visible outside the vehicle." If any such duty rested upon the defendant, it could only have been because of the fact that the jury found that one in the exercise of ordinary care under the same or similar circumstances would have so acted.

We have read and carefully considered all of the evidence, and reach the conclusion that, in view of the closeness of the question of liability, the charge on the two statutes of which complaint is

made constitutes prejudicial error.

We do not find that it was the duty of the trial court to direct a verdict in this case; and as there may be additional evidence upon a new trial, we do not pass upon the weight of the evidence.

Judgment reversed and cause remanded.

WASHBURN, PJ., & STEVENS, J., concur.