FIRST STATE BANK, HICKMAN, NEBRASKA, APPELLANT, v. NORMAN L. PETERSON, APPELLEE.

290 N. W. 2d 634

Filed April 1, 1980. No. 42615.

Teresa K. Luther of Luther & Beaurivage, for appellant.

Ronald Rosenberg of Rosenberg & Yungblut, for appellee.

Heard before BOSLAUGH, MCCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

BOSLAUGH, J.

This is a suit on an unconditional guaranty agreement executed on October 26, 1973, by the defendant, Norman L. Peterson. The agreement unconditionally guaranteed prompt payment of any notes or other indebtedness of the Hickman Lumber and Mercantile Co., Hickman, Nebraska, to the plaintiff bank. The guaranty agreement provided that it was applicable to any and all notes made at any time by

the debtor, and that the bank might, without notice to the guarantor, elect the specific notes, indebtedness, or liability to which the guaranty would apply and from time to time change its election. The liability of the defendant under the guaranty agreement was limited to $12,000.

On October 31, 1973, the bank loaned $12,000 to the lumber company. The principal amount of the lumber company's total indebtedness to the bank on that date was $16,000, none of which was secured by the pledge of any collateral. Thereafter, the bank advanced additional amounts to the lumber company until the total indebtedness was in excess of $60,000. Some of the later notes were secured by a security interest in the lumber company's inventory.

On April 2, 1976, the lumber company was in default on its obligations to the bank. On that date, the bank and the lumber company stipulated that the bank could take possession of the inventory of the lumber company and, in the event the indebtedness of the lumber company was not paid by April 30, 1976, the bank could sell the inventory and apply the proceeds to the indebtedness. The inventory was sold at public auction on June 5, 1976, and the proceeds from the sale in the amount of $12,744.05 were applied to the indebtedness of the lumber company which was then in excess of $48,000.

The bank did not give notice of the sale of the inventory to the defendant.

This action was commenced on July 30, 1976. The trial court found that the plaintiff's failure to comply with the rule stated in DeLay First Nat. Bank and Trust Co. v. Jacobson Appliance Co., 196 Neb. 398, 243 N. W. 2d 745 (1976), barred its recovery on the guaranty agreement. The plaintiff has appealed.

In the DeLay case we held that a guarantor was a debtor within the meaning of section 9-504 (3), U. C. C., and that a creditor who failed to give reasonable notification of the sale of collateral to the guarantor

was barred from recovering a deficiency judgment against the guarantor. It is undisputed in this case that the bank did not give notice of the sale of the inventory to the defendant.

The plaintiff argues that where, as in this case, the guaranty agreement did not contemplate the taking of security by the bank and the debtor has not been prejudiced by the disposal of the collateral, the failure to give reasonable notification of the sale to the guarantor is not a defense.

The DeLay case involved a corporate debtor and a guarantor who was the sole stockholder and chief executive officer of the debtor corporation. The bank and the debtor corporation were engaged in a floor-plan financing plan in which all obligations of the debtor to the bank were secured. The bank disposed of the collateral without complying with the notice requirements of section 9-504 (3), U. C. C., as to either the debtor corporation or the guarantor.

In this case, no security interest in collateral existed or was contemplated at the time the guaranty agreement was made. The $12,000 loan on October 31, 1973, to the principal debtor, the lumber company, was made in reliance upon the guaranty.

The rights of the principal debtor, Hickman Lumber and Mercantile Co., are not involved. The collateral was sold at public auction pursuant to the agreement with the principal debtor and there is no suggestion of commercial unreasonableness in the sale. The indebtedness appears to have far exceeded the value of the collateral and there is no evidence of prejudice to the guarantor in its disposition.

Under section 3-606, U. C. C., a guarantor who is a party to the instrument is discharged by an unjustifiable impairment of collateral which was given "by or on behalf of the party or any person against whom he has a right of recourse" only to the extent that the impairment occurred without the consent of the party. It is a general rule of suretyship that a

surety is discharged only pro tanto by any wrongful loss or release of security. See Pierce v. Atwood, 64 Neb. 92, 89 N. W. 669 (1902); Restatement of Security, § 132 (1941).

In a number of cases it has been held that an absolute guarantor is not discharged by a loss of security. See, First Nat. Park Bank v. Johnson, 553 F. 2d 599 (9th Cir., 1977); Nation Wide, Inc. v. Scullin, 256 F. Supp. 929 (D. N. J., 1966), aff'd. 377 F. 2d 554 (3d Cir., 1967); A & T Motors, Inc. v. Roemelmeyer, 158 So. 2d 567 (Fla. App., 1963); F. Mayer Boot & Shoe Co. v. Dickerson et al., 11 La. App. 457, 123 So. 493 (1929); Fegley v. Jennings, 44 Fla. 203, 32 So. 873 (1902). See, also, American Bank of Commerce v. Covolo, 88 N. M. 405, 540 P. 2d 1294 (1975). In Home Savings Bank v. Shallenberger, 95 Neb. 593, 146 N. W. 993 (1914), an absolute guarantor was held liable even though the bank had allowed a lien upon cattle, given to secure the note, to expire, thus depriving the guarantor of any right of subrogation. This court approved an instruction which stated in part that any negligence or failure on the part of the bank to follow up and take the mortgaged property was no defense to an action upon the guaranty.

Under the facts and circumstances in this case, we believe the failure of the bank to give notice of the sale of the inventory to the defendant was not a defense to an action upon the guaranty agreement.

The judgment of the District Court is reversed and the cause remanded.

REVERSED AND REMANDED.

KRIVOSHA, C. J., not participating.