MONARCH INDUSTRIES, INC., A CORPORATION, APPELLANT, V. CALDWELL MANUFACTURING COMPANY, A CORPORATION, AND CHIEF INDUSTRIES, INC., A CORPORATION, APPELLEES.

332 N.W.2d 664

Filed April 15, 1983. No. 81-898.

Jacobsen, Orr & Nelson, for appellant.

Denzel R. Busick of Luebs, Dowding, Beltzer, Leininger & Smith, for appellees.

KRIVOSHA, C.J., WHITE, and CAPORALE, JJ., and SPRAGUE, D.J., and COLWELL, D.J., Retired.

SPRAGUE, D.J.

Plaintiff-appellant, Monarch Industries, Inc., hereinafter referred to as Monarch, brought this action against the defendants-appellees, Caldwell Manufacturing Company and Chief Industries, Inc., hereinafter referred to as Caldwell and Chief, for damages as a result of the collapse of three grain bins which Monarch had installed in South Dakota in 1975 and 1976.

The grain floor substructures were purchased from Caldwell. Chief was sued as the successor in interest to Caldwell.

Monarch alleged that each of the three bins collapsed because the grain floor substructures which it had purchased from Caldwell were defective.

Defendants admitted that the building materials were delivered during 1974 and 1975 and that the grain bins were constructed. They alleged that the cause of the collapse was the negligence of Monarch in constructing the bins.

Caldwell and Chief moved for summary judgment. On September 24, 1981, the District Court of Buffalo County sustained the motion for summary judgment. On November 11, 1981, the court overruled the motion for new trial. This appeal follows.

In considering the motion for summary judgment the trial court made three specific findings: (1) The partial collapse of the grain bins was principally caused by the improper installation and the insufficient support of the drying floors; (2) The drying floor supports were not installed in accordance with the manufacturer's manual; and (3) The erection of the grain bins and installation of drying floors were not performed by the defendants, or either of them, but by the plaintiff.

In arguing the motion for summary judgment both parties relied primarily upon the depositions of William V. Coyle, Delano Loseke, and Ray F. Wilson, Jr. Mr. Coyle had been consulted by Mission Farms and subsequently by Monarch about the cause for the collapse of the grain bins. Mr. Loseke was the site foreman for Monarch in the construction of the bins. He supervised placement of the floor substructures. Mr. Wilson was a former employee of Caldwell who was later employed by Monarch.

A summary of the deponents' testimony establishes that there were no inherent design or manufacturing defects in the floor substructures, and that the plans and specifications for construction furnished by Caldwell were of proven design.

The depositions further establish that Monarch failed to follow the plans and specifications in con-

struction of the bins, and that this failure resulted in the subsequent collapse.

A careful reading of the depositions leads this court to conclude there is no evidence that the materials and plans furnished by Caldwell were defective.' The court further concludes that the proximate cause of the collapse of the bins was a deviation from the manufacturer's plans by Monarch. There is no genuine issue of material fact.

Where a motion for summary judgment has been duly noticed for hearing, it should be rendered forthwith, if upon the hearing it appears from the pleadings, depositions, and admissions on file, together with the affidavits, if any, that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Neb. Rev. Stat. § 25-1332 (Reissue 1979); *Watters v. Foreman*, 204 Neb. 670, 284 N.W.2d 850 (1979).

AFFIRMED.