**In the Matter of Richard A. GERBER, Terri L. Gerber, Debtors.**

**Bankruptcy No. BK84–1627.**

United States Bankruptcy Court, D. Nebraska.

Aug. 8, 1985.

Vincent M. Powers, Lincoln, Neb., for debtors.

Steven D. Keist, Lincoln, Neb., for Bank.

## FINDINGS OF FACT, CONCLUSIONS OF LAW

### MEMORANDUM OPINION

TIMOTHY J. MAHONEY, Bankruptcy Judge.

Combined hearing on Objection by First State Bank of Hickman to Confirmation of Modified Chapter 13 Plan and on Objection to Claim of First State Bank of Hickman filed by Debtors was heard by Timothy J. Mahoney, Bankruptcy Judge for the District of Nebraska, on July 15, 1985, at 1:30 P.M. Steven D. Keist appeared for the Bank and Vincent M. Powers appeared for Debtors. Having reviewed the evidence presented at trial, the Court now enters Findings of Fact, Conclusions of Law, Memorandum and Orders.

### Findings of Fact

Debtors filed this Chapter 13 case on August 24, 1984. They have filed a plan which does not provide any payments to First State Bank of Hickman (Bank). The Bank has filed a claim for $2,321.40 principal amount which alleges the debt represented by the claim is secured by one 1976 Ranchero Truck.

Debtors have filed an Objection to the claim of the Bank.

The evidence shows that the Debtors borrowed funds from the Bank on July 20, 1983, and granted the Bank a security interest in a 1976 Ford truck as security for the loan.

On August 18, 1983, the Debtors borrowed additional funds from the Bank on a separate note and granted the Bank a security interest in a 1973 Kirkwood Mobile Home.

The Debtors became delinquent on both notes and were served with Notice of Right to Cure Default on each note by written notice dated January 10, 1984. Each notice gave the Debtors until January 30, 1984, to cure the default.

On January 26, 1984, the Debtors and the Bank agreed to consolidate the two notes executed in August 1983 and they did so by executing a new note in the amount of $6,921.06 with interest at 16% payable in 48 installments of $196.14 beginning February 26, 1984.

The January 26, 1984, note includes a security agreement and lists the 1973 Kirkwood and 1976 Ford Ranchero as security. In addition, the January 26, 1984, security agreement refers to the July 20, 1983, and August 18, 1983, security agreements which include the mobile home and truck.

The debtors defaulted on the new note and, after providing debtors the appropriate Notice of Right to Cure Default, the Bank repossessed the mobile home in July of 1984.

It is undisputed that the Bank sold the mobile home without notice to debtors of the date or time of sale, as required by the Nebraska Uniform Commercial Code Section 9–504(3) (Reissue 1980).

The Bank received $5,000 for the mobile home and applied it to the balance of the January 26, 1984, note. After application

of the proceeds from the sale of the mobile home, the balance due on the January 26, 1984, note was approximately $1,921.00, and since that date interest has accrued.

The Bank then began a replevin action in state court to obtain possession of the truck which was additional security for the January 26, 1984, note.

The debtors filed for protection under Chapter 13 of Title 11 of the United States Code. The debtors' Chapter 13 plan does not provide any payment to the Bank on the balance of the note. The Bank objected to confirmation of the plan. The debtors objected to the claim of the Bank on the grounds that a violation of the U.C.C. notice provisions is an absolute bar to the Bank obtaining a deficiency judgment in state court and, therefore, the value of the claim of the Bank is zero, and the Bank is not entitled to any further payment.

When the Bank took possession of the mobile home the debtors were not residing in it and had rented it to others. At the time of repossession no tenants were residing in it. The mobile home was located in a mobile home park. The Bank placed a "no trespassing" sign on it and also a "for sale" sign. No appraisal was obtained. The mobile home was a 1973 model which was in good shape but needed interior cleaning.

The mobile home park owner offered $4,500 and the eventual buyer offered $5,000. The Bank did not advertise the mobile home for sale. The $5,000 offer was accepted and applied to the note.

### Conclusions of Law and Memorandum

This case concerns the remedy a debtor has for a violation by creditor of Nebraska U.C.C. 9–504(3) which reads, in part, as follows:

"Disposition of the collateral may be by public or private proceedings and may be made by way of one or more contracts. Sale or other disposition may be as a unit or in parcels and at any time and place and on any terms but every aspect of the disposition including the method, manner, time, place and terms

must be commercially reasonable. Unless collateral is perishable or threatens to decline speedily in value or is of a type customarily sold on a recognized market, reasonable notification of the time and place of any public sale or reasonable notification of the time after which any private sale or other intended disposition is to be made shall be sent by the secured party to the debtor ..."

The notice requirements of this section and the secured party's liability for failure to provide debtor with notice have been interpreted by the Nebraska Supreme Court several times, the most recent being *Allis-Chalmers Corp. v. Haumont,* 220 Neb. 509, 371 N.W.2d 97 (1985); *Havelock Bank v. McArthur,* 220 Neb. 364, 370 N.W.2d 116, (1985); *City Bank and Trust Co. v. Van Andel,* 220 Neb. 152, 368 N.W.2d 789 (1985). In each of these cases the Nebraska Supreme Court reaffirmed its holding in *DeLay First National Bank & Trust Co. v. Jacobson Appliance Co.,* 196 Neb. 398, 243 N.W.2d 745 (1976) that failure of a creditor to provide notice as required by this section results in the creditor being prohibited from obtaining a deficiency judgment against debtor.

In each of the Nebraska cases listed, the creditor had disposed of all of the collateral and then sued the debtor for the deficiency. That is not the fact situation in this case.

Here, the creditor sold part of its collateral without providing the required notice to debtors. Then creditor attempted to take possession of the remaining collateral for the purpose of disposing of it and applying the proceeds to the remaining note balance. No action had been started in state court to obtain a deficiency judgment against the debtors.

Debtors argue that this Court should follow the Nebraska cases which had been decided at the time of this trial. (The Allis Chalmers case was not filed until after this case was heard). Debtors claim that the Nebraska cases absolutely bar creditor from any further recovery on a debt if the creditor fails to comply with the notice

requirements of 9–504(3). Debtors further argue that if the creditor is not prohibited from further recovery, then creditors need have no fear of violating the statue, because no liability will accrue as a result of such violation.

·Debtors' arguments have merit, especially in view of the strong language and frequent reaffirmation by the Nebraska Supreme Court that failure to comply with the statute prohibits creditor from obtaining a deficiency judgment.

■ However, this case does not concern an attempt to obtain a deficiency judgment. A deficiency judgment is the finding of personal liability upon a debtor for the unpaid balance of a secured debt after disposition of the collateral fails to provide proceeds sufficient to satisfy the underlying debt. *In the Matter of Pittsburgh-Duquesne Development Co.* 482 F.2d 243, 246 (3d Cir.1973).

In that case the Court of Appeals for the 3d Circuit, reviewing a bankruptcy case, determined that the mortgagee of real property had a right to rents, which the Court determined were part of the security. The Bankruptcy Court had found that the creditor seeking rents was seeking a deficiency judgment to which it was not entitled. The Court stated: "Thus a proceeding for a deficiency judgment is an attempt to recover something more than and distinct from the security provided by the debtor." *In the Matter of Pittsburgh-Duquesne Development Co.* 482 F.2d 243, 246 (3d Cir.1973).

■ In this case the Bank is seeking only to obtain the collateral it bargained for. In the alternative, it seeks payment under the debtors' Chapter 13 plan for the balance due it and seeks acknowledgment of its secured status with regard to the collateral.

Except for the automatic stay in bankruptcy, the Bank has a right to proceed against the collateral. After disposing of the collateral and applying the proceeds to the note, the Bank could proceed against the debtors for a deficiency judgment. At that point the Nebraska Supreme Court rulings cited above would bar the Bank from further recovery.

The Bank has violated the notice provisions of Nebraska U.C.C. 9–504(3). The Bank, therefore, is denied the right to proceed against debtors for any amount in excess of its allowed secured claim. However, it is permitted to seek its collateral or be compensated for the value of the collateral in the debtors' plan.

As for the argument that unless the creditor is prohibited from seeking repayment of the balance of its claim, creditors will have no incentive to obey the law, debtors have available Section 9–507 of the Nebraska Uniform Commercial Code which is entitled "Secured party's liability for failure to comply with this part." That section provides debtor a remedy for creditor's violation of the notice requirements in a case such as this where only part of the collateral for the debt has been disposed of.

The objection of the Bank is sustained.

The objection of debtor to the claim of creditor is overruled as to the value of the collateral. It is sustained as to the amount claimed in excess of the value of the collateral.

Evidence was presented that the value of the remaining security was approximately $2,000 on date of trial. The Bank's allowed claim pursuant to 11. U.S.C. § 506 is a secured claim to the extent of the value of the collateral, $2,000, and is unsecured as to the balance. Debtor is not required to provide payments to the Bank on the unsecured portion of the claim.

The debtor is granted 30 days to amend its plan or the matter is dismissed.