FIRST NATIONAL BANK IN ORD, APPELLEE, V. JOHN M. GREENE ET AL., APPELLANTS.

413 N.W.2d 899

Filed October 16, 1987.   No. 85-983.

L.W. Kelly, Jr., of Kelly & Kelly, for appellants.

Robert E. Wheeler, for appellee.

William B. Brandt and Robert J. Hallstrom of Brandt, Horan, Hallstrom & Sedlacek, for amicus curiae Nebraska Bankers Association, Inc.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, and GRANT, JJ., and COLWELL, D.J., Retired.

GRANT, J.

Plaintiff-appellee, First National Bank in Ord (hereinafter Bank), brought this action in the district court for Valley

County, Nebraska, against defendants-appellants, John M. Greene and Lucille N. Greene, and others. The Bank sought to recover a deficiency judgment against these defendants under a guaranty contract. This is the second appearance of this matter in this court. The district court originally entered summary judgment in favor of the defendants. This court reversed that judgment and remanded the cause for further proceedings because fact questions existed as to the disposition of the collateral securing the original note. *First Nat. Bank v. Greene Bldg. & Supply*, 220 Neb. 205, 369 N.W.2d 59 (1985).

On remand, after trial to the court, judgment was entered against appellants on October 16, 1985, in the amount of $66,758.77 plus interest. On appeal, the appellants allege that the district court erred in finding that the Bank did not repossess the property, in finding that the sale of the property was conducted by the debtor, in finding that notice to the appellants of the sale was not necessary pursuant to Neb. U.C.C. § 9-504(3) (Reissue 1980), and in finding that the appellants had signed a valid and enforceable guaranty. For the reasons hereinafter set out, we affirm.

The evidence shows that on April 18, 1978, John and Lucille Greene executed an unlimited personal guaranty which unconditionally guaranteed payment to the Bank of all the debtor corporation's debts, whether then existent or later incurred. The other original defendants are not involved in this appeal. On March 22, 1979, the debtor executed a security agreement granting a security interest to the Bank in "All Machinery, Equipment (including automotive equipment) Furniture, fixtures, inventory, accounts rec. , contract rights, chattel paper, all tangible and intangible personal property, whether now owned or afteracquired, and all proceeds therefrom." On June 13, 1979, the debtor corporation gave the Bank an additional security interest in a truck-mounted crane. On January 30, 1981, an officer of the corporation executed note No. 60950 to the Bank in the amount of $113,087.30. This note was not paid off when due on April 30, 1981. As the company was unable to obtain alternative financing, a sale of the corporation's assets was ultimately held on June 1, 1981, resulting in a deficiency of $66,758.77. As we find that it was

not necessary to give notice of the sale to appellants under § 9-504(3), it is unnecessary to consider the other assignments of error.

It is well settled that a guarantor is a debtor within the meaning of Neb. U.C.C. § 9-105(1)(d) (Reissue 1980) and is entitled to notice of the sale conducted by the creditor. *Deutsche Credit Corp. v. Hi-Bo Farms, Inc.*, 224 Neb. 463, 398 N.W.2d 693 (1987); *Borg-Warner v. Watton*, 215 Neb. 318, 338 N.W.2d 612 (1983). This court has held, however, that where no security interest exists or is contemplated at the time the guaranty agreement is executed, the failure to give notice to the guarantor pursuant to § 9-504(3) is not a defense in an action against the guarantor. *First State Bank v. Peterson*, 205 Neb. 814, 290 N.W.2d 634 (1980). In *Peterson*, the guarantor signed an unconditional guaranty, similar to the type involved herein, guaranteeing the loans of a lumber company. The guaranty agreement was dated October 26, 1973. On October 31, 1973, the bank made a $12,000 loan to the lumber company. The bank subsequently advanced additional funds to the lumber company, resulting in a total indebtedness in excess of $60,000. The bank secured a portion of the later indebtedness by obtaining a security interest in the lumber company's inventory. As the loans were made in reliance on the guaranty agreement itself, we held that notice to the guarantor was not required. We held that where no security is taken or contemplated at the time an unconditional guaranty of payment is made, a failure to notify the guarantor of the sale of collateral taken at a later time as security for the indebtedness is not a defense to an action upon the guaranty agreement.

The appellants argue that they are entitled to notice of the sale under *Borg-Warner v. Watton, supra*. In *Borg-Warner*, the inventory security agreement granted the creditor a lien on the debtor corporation's inventory before the guaranty agreement was executed. Additionally, the retail finance agreement provided that all contracts purchased by the debtor corporation were to be secured as a first lien upon the property. The facts of *Borg-Warner* indicated that the creditor did not contemplate making any unsecured loans to the debtor, and we held that the creditor was required to give the guarantor notice of the sale.

In the present case, however, the appellants signed an unconditional guaranty, guaranteeing the debts of Greene Building and Supply, Inc. The execution of the guaranty was a condition of credit extension from the Bank to the corporation. The guaranty agreement was executed in 1978, and the Bank did not obtain a security interest in the assets of the debtor corporation until 1979. There is no evidence that the parties contemplated that the debts guaranteed by John and Lucille Greene were secured debts. As in *Peterson*, the loans made by the Bank were made in reliance on the guaranty agreement itself.

Since the issue of notice is dispositive of this controversy, we need not consider the other assignments of error. The judgment of the district court is affirmed.

AFFIRMED.

COLWELL, D.J., Retired, concurs in the result.