## STATE OF FLORIDA v MARSHALL
### Case No. 88-41-AP
Fourth Judicial Circuit, Duval County

August 1, 1989

### APPEARANCES OF COUNSEL

**Eddie L. Carson,** for appellant.

**David M. Robbins,** for appellee.

### OPINION OF THE COURT

DOROTHY H. PATE, Circuit Judge.

The State appeals the Order granting Defendant's Motion to Suppress the results of field sobriety tests and chemical-breath tests and certifying the following questions to the First District Court of Appeal:

"Is the odor of alcohol, without other evidence of impairment, sufficient to require a driver to submit to a field test or must the police officer first have probable cause to suspect the driver has committed the offense of DUI?" Jurisdiction was transferred to this Court on May 19, 1988.

The Court has reviewed the briefs, the argument of counsel and the Record on Appeal and affirms the lower court.

The First District Court of Appeals has held that the State must establish probable cause to order a blood test to determine whether a Defendant was under the influence of alcoholic beverages. *Jackson v State,* 456 So.2d 916 (Fla. 1st DCA 1984).

The only Florida case addressing the need for probable cause before administering field sobriety tests is *Jones v State,* 459 So.2d 1068 (Fla. 2d DCA 1984), *aff'd.,* 483 So.2d 433 (Fla. 1986). In *Jones* the issue was the constitutionality of roadblocks maintained to stop motorists to ascertain and apprehend those to be driving while under the influence of alcohol. The Court said:

" . . . if a roadblock is established in a constitutionally permissible way, arrests of individual motorists ensuing therefrom should nonetheless be based upon probable cause. Only if an officer, based upon his observations following a proper stop of a vehicle, has probable cause to believe that the driver is DUI could the officer conduct a more extensive investigation, such as asking the motorist to exist the car for a roadside sobriety test." The State urges that the *Jones* Court requires probable cause for the arrest not the field tests. (State's Brief, page 7) but that Court clearly has stated that probable cause to believe the driver to be DUI is required to conduct further investigation such as field tests after a proper stop. *Id.* at 1080.

The only other authorities cited are from out of state and support the decision in this case. *State v Johnson,* 215 Neb. 319, 338 N.W. 2d 769 (Neb. 1983), *People v Roybal,* 655 P.2d 460 (Colo. 1982) and *State v Taylor,* 3 Ohio Ap. 3 1987, 44 N.E. 2d 481 (1981).

Based on the authorities cited, the odor of alcohol, absent other sufficient indicia of impairment, does not provide probable cause required for a driver to submit to field sobriety tests.

There appearing no abuse of discretion in the facts of this case,

The Trial Court is AFFIRMED.